# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT, ORLANDO FLORIDA

**WILLIAM WESLEY ROBERTS**
**Petitioner,**

**v.**

**STATE OF FLORIDA**
**Respondent,**
_____/

## WRIT OF SUPERVISORY CONTROL

    **COMES NOW,** Petitioner, William Wesley Roberts, in pursuant of Supervisory control, by United States Middle "District Court of Orlando, Florida. Petitioner prematurely filing of 28 U.S.C. 2254, was denied without prejudice, bases of exhaustion all remedies. State Post-Conviction 3.850 filed 3-24-2025 still not Ruled on. There were malitable recusal and disqualification for Judge Hall filed throughout the years, starting first recuse dated 1-14-2021, (*Note:The conflict of interest is between Judge Don T. Hall, and I, over a statement I said at a private club. Its was about judge and his first cousin Diana Hall, which was my ex-girlfriend. Six months later I was arrested on fabricated evidence*) (Petitioner phone was wiretap on a DUI case, wiretap application withheld evidence)... Bias statements by Judge Hall, "State got plans for you Mr. Roberts", "150,000 or bond is good with me," "Got you". These are just a few

bias remarks. Appeal was file pro'se on first recusal. Indigent paperwork filing took 21 DAYS from Jailhouse to Courthouse, showed up at clerk office 1 day later (Jail to Clerk office two blocks) "mail rule doesn't apply" 4-8-2025 motion to recues trial judge and memorandum mailing date 4-11-2025. Order denying disqualification filing date clerk of court office, 4-16-2025 (clerk office didn't mail order denying to Petitioner, DOC. Keep all records of inmates mail. Appeal would have been denied without DOC mailing records, mailbox rule applied). Appeal for disqualification of Judge Hall filed 6-11-2025 2nd DCA of Florida, case No: 2D2025-1500.

Appeal ruled quote ("Petitioner's petition for Writ of Certiorant is treated as a petition for Writ of Prohibition and denied").Supreme Court of Florida, Petitioner filed Writ of Mandamus requesting to disqualify Judge Hall, dated 10-3-2025 case No: SC2025-1579. Supreme Court transferred case (BACK) to 2nd DCA. New case No: 2D2025-3389 filing date 12-17-2025.

Motion to Hear and Rule for Post-Conviction 3.850 filing dated 6-10-2025- "No reply", Fla. Rule Administration "2.215(f) move the court to rule".

Pending 3.850, case No. 14-2019-CF-000542-CFAXCM, Twelfth Judicial Circuit Court of Desoto County Florida, William Wesley Roberts;

- Judge, Don Hall, denied for 7 years multiple motion asking judge disqualification in this case. Recus from all proceeding impeded petitioner's effort to raise all his claims properly in the

state court's, by showing prejudice proving Intrinsic Fraud, which occurs within framework of actual conduct of trial and it may be accomplished by <u>perjury</u> use of false and forged documents, and by concealment and misrepresentation of evidence. The miscarriage of justice is prohibited by Federal laws. "Constitutional Violations"

- The United States Supreme Court, when discussing the exception to procedural defaults that is "fundamentally miscarriage" because of the relevance of injustice in the State of Florida, criminal legal system. The district court of appeals (DCA) of Florida [2nd DCA reserves convictions in less than five percent of the cases].

Issues arose in which trial judge was bias and the prosecutors violated multiple Amendment Rights and the were substantial denial of Constitutional Rights.

- Over seven years, Prosecutor's , Public Defender, and Judge Hall, failure to produce evidence (video dash cam night photo of crash, and best of all application and signing of <u>wiretap</u> on a <u>DUI case</u>) "Federal law prohibits withholding of evidence, <u>18 U.S.C.A. §1506 §1512</u>".

Wiretap (<u>18 U.S.C.A. §2510</u>) Private law, and Public law.

Act of Deprivation of the Color of Law

Motion hearing 9-12-2022 (Quote of Judge Hall) "make sure I have motion of Limine before trial" (bias).

- <u>United State v. Bagley, 473 U.S. 684 (1985)</u>

"United States Supreme Court" review under §2254 (d)(1), "focuses on what a state court knew and did". It is clearly proven that Petitioner claim resulted in decisions contrary to unreasonable

application of clean established by the United States Supreme Court that resulted in decision the were based on unreasonable determination of facts by prosecutors failure to disclose evidence, by violating Federal statutory and Constitutional Rights. It is clearly proven on the record (L.T. clerks docket records) that these facts would not have been available even with the "due process".

- *"The doctrine requiring the exhaustion of administrative remedies is not jurisdictional and the exhaustion requirement is a court created prudential doctrine, it is a matter of policy, not power".*

See <u>Colman v. Thompson, 501 U.S. 722, 752-57, 111, S.CT. 2246, 2566-68 (1991)</u> it is clear that state actors lied and misled Petitioner about material-facts and law.

## STANDARD OF REVIEW

<u>28 U.S.C. 2254 (d) provide:</u>

An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits of State Court proceeding **UNLESS** the adjudication of the claim:

1). Resulted that was contrary to , or involved an unreasonable application of , clearly established Federal Law, as determined by the Supreme Court of the United States, or

2). Resulted in a decision that was based on an unreasonable determination of the fact (2013 U.S. Dist. 11) light of the evidence presented in the State Court proceeding 28 U.S.C. 2254 (d).

"A State Court's decision is contrary to.... clearly established law if applies a rule that contradicts governing law set forth in {Supreme Court Cases] of if it confronts a set of facts that are materially indistinguishable from a decision of [The Supreme Court] and nevertheless arrives at a result different from (this) precedent." See Mitchell v. Esparza, 540 U.S. 12, 15-16, S.CT. 7.157 L. Ed 263 (2003). (Per Curiam) Quoting, Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.CT. 1495, 146, L. Ed. 2d 389 (2000)". The unreasonable application prong of the statute permits a Federal Habeas Court to grant the writ if the states court indentifies the correct governing legal principle from the [Supreme Court] but unreasonably applies that principle to the facts of Petitioner's case. See, Wiggin v. Smith, 539 U.S. 510, 520, 123 S.CT. 2527,156 L. 2d 471 (2003) (Quoting Williams, 529 U.S. at 413) However, "In order for a Federal Court to find a State Court's application of [supreme Court] precedent unreasonable, The State Court's application must have been objectively unreasonable. Carter v. Este;;e. 677 F. 2d at 449 (Petitioner need not exhaust remedies that "may be theoretically available in some distant point"). Price v. Johnston, 334 U.S. 266, 292 (1948) ("[P]risoners are often unlearned in the law". Courts "cannot impose on them the same high standards of legal art which might place on member of the legal profession").

THEREFORE, Petitioner respectfully request this Honorable Court, set forth Administration Remedy (equitable relief) by impose Supervisory Control as applied authority of United States Federal Rule of Constitutional Law: And permit Petitioner's Constitutional

Rights to be afforded on all true grounds and facts, will be set forth upon, 28 U.S.C. 254 petition.

Thus, this said petition presented to this Honorable Court, Allow Petitioner to set aside and withdrawal his Post-Conviction 3.850 filing date of 3-24-2025, precedes in the Twelfth Judicial Circuit Court of Desoto County, Florida, and move forward with resolution of a 28 U.S.C. 2254 petition. See, Whaley v. Belleque, 520, F. 3d 997, 1001-02 (9th Cir. 2008).

"Equitable doctrine of judicial estoppel presents states from invoking procedural default doctrine in federal court when state's "misrepresentation of the law" "is" "intended to protect integrity of the judicial process by preventing a litigant from playing fast and loose with the court".

This petition is made in good faith, as time passes. Seven plus years, of false imprisonment; Petitioner is laying his faith in good judgment of this Grand Court for final decision –award–

I HEREBY CERTIFY, that a true and correct copy has been mailed by U.S.P.S., January __9__ day, 2026.

UNITED STATE DISTRICT COURT
Office of clerk
401 West Central Blvd., Suite 1200
Orlando, FL 32801-0102

By /s/ William W. Roberts
William W. Roberts T00782
P.O. Box 2000
Lawtey, FL 3205

LEGAL MAIL
PROVIDED TO LAWTEY C.I.
DATE 1-9-26 FOR MAILING
INMATE INITIALS WR